LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CYNTHIA WILLIAMS,
*on behalf of herself, FLSA Collective Plaintiffs and the Class*,

    Plaintiff,

v.

CHS SERVICES, INC.,
CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC.,
OUR LADY OF CONSOLATION GERIATRIC CARE CENTER
    d/b/a OUR LADY OF CONSOLATION NURSING AND REHABILITATIVE CARE CENTER,
JOHN DOE CORPORATIONS # 1–10,
PATRICK M. O'SHAUGHNESSY, and
JAMES K. RYAN,

    Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Jury Trial Demanded

---

Plaintiff, CYNTHIA WILLIAMS ("Plaintiff Williams" or "Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, CHS SERVICES, INC., CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC., OUR LADY OF CONSOLATION GERIATRIC CARE CENTER d/b/a OUR LADY OF CONSOLATION NURSING AND

1

REHABILITATIVE CARE CENTER, JOHN DOE CORPORATIONS # 1–10 ("Corporate Defendants"), PATRICK M. O'SHAUGHNESSY, and JAMES K. RYAN ("Individual Defendants," and together with Corporate Defendants, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving, (2) compensation for late payment of wages, (3) liquidated damages, (4) statutory penalties, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff CYNTHIA WILLIAMS is a resident of Suffolk County, New York.

6. Defendants CHS SERVICES, INC., and CATHOLIC HEALTH SYSTEM OF LONG ISLAND are parent companies that own and operate non-profit organizations based in New York State. The organization contains a network of continuing care facilities in the state of New York. The continuing care facilities are located at:

A. Good Samaritan Nursing & Rehabilitation Care Center: 101 Elm Street, Sayville, NY 11782;

B. Our Lady of Consolation Nursing & Rehabilitative Care Center: 111 Beach Drive, West Islip, NY 11795;

C. St. Catherine of Siena Nursing & Rehabilitation Care Center: 52 Roue 25A, Smithtown, NY 11787;

D. Good Shepherd Hospice: 110 Bi-County Boulevard, Farmingdale, NY 11735;

E. Catholic Home Care: 110 Bi-County Boulevard, Farmingdale, NY 11735; and

F. Maryhaven Center of Hope: 51 Terryville Road, Port Jefferson Station, NY 11776

(collectively the "Facilities").

7. The Defendants operate all continuing care facilities as a single integrated enterprise. CATHOLIC HEALTH SERVICES OF LONG ISLAND rebranded and changed its name to CATHOLIC HEALTH in January 2021. See Attached **EXHIBIT A (Article that Mentions Change and Mention on Website).** The Facilities are operated as a single integrated enterprise, under the common control of Defendants. Specifically, the Facilities are engaged in related activities, share common ownership, and have a common business purpose:

a) All the Facilities are part of Corporate Defendants CHS SERVICES, INC. and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. The Facilities are included Catholic Health's Website. See Attached **EXHIBIT B (Catholic Health Listing of Facilities).**

b) Corporate Defendants are jointly promoted on Catholic Health's Facebook page located at https://www.facebook.com/CatholicHealthLI/. See Attached **EXHIBIT C (Catholic Health Facebook).**

c) Corporate Defendants are jointly promoted on Catholic Health's Instagram page located at https://www.instagram.com/catholichealthli/. See Attached **EXHIBIT D (Catholic Health Instagram).**

d) Corporate Defendants share board of directors members: Barbara Ellen Black; Kevin Conway; Peter P. D'Angelo; Rev. Peter Dugandzic; Virginia Ewen; Deacon Frank L. Kurre; Hon. Anthony Marano; Brian McGuire; Stephen F. McLoughlin; Msgr. Robert Morrissey; Christopher Pascucci; Jerome Poller; Daniel T. Rowe; Salvatore Sodano; Rev. Msgr. James Vlaun; and John (Jack) Wagner. See Attached **EXHIBIT E (List of Common Board Members).**

e) Corporate Defendants share a central marketing department, HR department, and administration department.

f) Corporate Defendants share a common employee manual.

g) Corporate Defendants share a common logo.

h) Plaintiff and other Employees received their pay stubes and checks from Catholic Health. See Attached **EXHIBIT F (Plaintiff Pay Stubs).**

8. Corporate Defendant CHS SERVICES, INC. is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 992 North Village Avenue, Rockville Centre, NY 11570.

9. Corporate Defendant CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 992 North Village Avenue, Rockville Centre, NY 11570.

10. Corporate Defendant OUR LADY OF CONSOLATION GERIATRIC CARE CENTER d/b/a OUR LADY OF CONSOLATION NURSING AND REHABILITATIVE CARE CENTER is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 111 Beach Drive, West Islip, NY 11795.

11. Upon information and belief, Defendants JOHN DOE CORPORATIONS 1-10 are individual unknown corporations operating continuing care facilities offices throughout New York. JOHN DOE CORPORATIONS 1-10 are direct subsidiaries and/or have their operations controlled by Defendants CHS SERVICES, INC. and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. Defendants CHS SERVICES, INC. and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. exercise control over the employment terms and conditions of those working for Defendants JOHN DOE CORPORATIONS 1-10. Defendants CHS SERVICES, INC. and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. have and exercise the power and authority to determine the rate and method of pay, determine work schedules, maintain employment records, and otherwise affect the quality of employment of employees of JOHN DOE CORPORATIONS 1-10. Defendants JOHN DOE CORPORATIONS 1-10. Defendants CHS SERVICES, INC. and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. exercise functional control over the business and financial operations of all JOHN DOE CORPORATIONS 1-10 and have authority over all employee-related decisions

including payroll, personnel, and wage and hour policies concerning employees. While each individual office comprising JOHN DOE CORPORATIONS 1-10 is ultimately owned by a separate corporation, CHS SERVICES, INC. and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. and JOHN DOE CORPORATIONS 1-10 operate their business and offices as a single integrated enterprise.

12. Individual Defendant PATRICK M. O'SHAUGHNESSY is the president and CEO of Corporate Defendants CHS SERVICES, INC. and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. and has operational control of Corporate Defendants. Individual Defendant PATRICK M. O'SHAUGHNESSY exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members of Corporate Defendants CHS SERVICES, INC. and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. Individual Defendant PATRICK M. O'SHAUGHNESSY has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members. Individual Defendant PATRICK M. O'SHAUGHNESSY additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members. Individual Defendant PATRICK M. O'SHAUGHNESSY ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendants CHS

6

SERVICES, INC. and CATHOLIC HEALTH SYSTEM OF LONG ISLAND, INC. are operating efficiently and profitably.

13.  Individual Defendant JAMES K. RYAN is the Chief Administrative Officer of Corporate Defendant OUR LADY OF CONSOLATION GERIATRIC CARE CENTER d/b/a OUR LADY OF CONSOLATION NURSING & REHABILITATIVE CARE CENTER and has operational control of Corporate Defendant. Individual Defendant JAMES K. RYAN exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members of Corporate Defendant OUR LADY OF CONSOLATION GERIATRIC CARE CENTER d/b/a OUR LADY OF CONSOLATION NURSING & REHABILITATIVE CARE CENTER. Individual Defendant JAMES K. RYAN has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members. Individual Defendant JAMES K. RYAN additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members. Individual Defendant JAMES K. RYAN ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendant OUR LADY OF CONSOLATION GERIATRIC CARE CENTER d/b/a OUR LADY OF CONSOLATION NURSING & REHABILITATIVE CARE CENTER is operating efficiently and profitably.

14. At all relevant times, Corporate Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

15. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members were directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to nurses, nurse practitioners, nurse assistants, nurse aids, medical assistants, health aides, security officers, environmental services aides, custodians, and mechanics, among others) employed by Defendants at OUR LADY OF CONSOLATION GERIATRIC CARE CENTER d/b/a OUR LADY OF CONSOLATION NURSING & REHABILITATIVE CARE CENTER on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

17. At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper overtime wages at the rate of one-and-one-half times the regular rate of pay. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

18. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related

to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

19. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to nurses, nurse practitioners, nurse assistants, nurse aids, medical assistants, health aides, security officers, environmental services aides, custodians, and mechanics, among others) employed by Defendants at OUR LADY OF CONSOLATION GERIATRIC CARE CENTER d/b/a OUR LADY OF CONSOLATION NURSING & REHABILITATIVE CARE CENTER on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

20. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

21. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

22. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay them the proper wages due to time shaving, (ii) failing to pay them the proper overtime wages at the rate of one-and-one-half times the regular rate of pay, (iii) late payment of wages, (iv) failing to provide proper wage statements per requirements of the NYLL, and (v) failing to provide proper wage and hour notices per requirements of the NYLL.

23. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class

members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26. Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

d) Whether Defendants properly notified Plaintiff and the Class Members of their regular hourly rate and overtime rate;

e) Whether Defendants properly compensated Plaintiff and Class Members for all hours worked, including overtime hours

f) Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

g) Whether Defendants paid Plaintiff and the Class Members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) each workweek;

h) Whether Defendants paid Plaintiffs and Class Members their lawful wages in a timely manner;

i) Whether Defendants provided proper wage statements informing the Plaintiff and the Class Members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the NYLL;

j) Whether Defendants provided proper wage and hour notices to Plaintiff and

    the Class Members at date of hiring, as required under the NYLL; and

 k) Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the NYLL.

## **STATEMENT OF FACTS**

28. From in or about April 17, 2000 until in or about July 1, 2021, Plaintiff CYNTHIA WILLIAMS was employed to work as a nurse assistant for Defendant OUR LADY OF CONSOLATION GERIATRIC CARE CENTER d/b/a OUR LADY OF CONSOLATION NURSING & REHABILITATIVE CARE CENTER located at 111 Beach Drive, West Islip, NY 11795.

29. Throughout her employment with Defendants, Plaintiff WILLIAMS had a regular weekly schedule of eight (8) hours per day, from 3:00 p.m. to 11:00 p.m., for five (5) days per week, for a total of forty (40) hours per week. However in reality Plaintiff worked much more than her forty (40) scheduled hours, on a weekly basis.

30. In 2015, Plaintiff WILLIAMS was paid approximately at a rate of twenty-five dollars ($25) per hour. In 2016, Plaintiff WILLIAMS was paid approximately at a rate of twenty-six dollars ($26) per hour. In 2017, Plaintiff WILLIAMS was paid approximately at a rate of twenty-seven dollars ($27) per hour. In 2018, Plaintiff WILLIAMS was paid approximately at a rate of twenty-eight dollars ($28) per hour. In 2019, Plaintiff WILLIAMS was paid approximately at a rate of twenty-nine dollars ($29) per hour. From 2020 to the end of her employment, Plaintiff WILLIAMS was paid approximately at a rate of thirty dollars ($30) per hour. At all times Plaintiff WILLIAMS was paid in check bi-weekly.

31. Plaintiff WILLIAM's job consisted of performing manual work. Her duties included feeding patients, bathing patients, taking care of patients, helping patients with daily

living, etc. FLSA Collective Plaintiffs and Class Members similarly performed such manual work.

32. Throughout her employment with Defendants, Plaintiff WILLIAMS was not always paid the overtime premium of one-and-one-half times her regular rate of pay for her hours worked in excess of forty (40) per week due to time shaving, as required under the FLSA and NYLL.

33. Throughout her employment with Defendants, Plaintiff WILLIAMS was not compensated for all hours worked. Plaintiff was also subject to a thirty (30) minute automatic meal break deduction. However, meal time was not free and clear and Plaintiff was required to work through her meal breaks on a daily basis. As a result, Plaintiff was time shaved a total of two and a half (2.5) hours per week. These deductions were reflected in the checks that Plaintiff WILLIAMS received every week. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of automatically deducting for meal breaks which were not free and clear.

34. Throughout her employment with Defendants, Plaintiff regularly observed and spoke to her co-workers about Defendants' pay practices and policies. Based on Plaintiff's observations and conversations with her co-workers, all non-exempt employees employed by Defendants regularly worked similar hours that regularly exceeded forty (40) hours per workweek and were paid at similar hourly rates.

35. Based on Plaintiff's direct observations and conversations with other employees, all FLSA Collective Plaintiffs and Class Members similarly suffered from Defendants' common policies that failed to pay the overtime compensation due to time shaving under the FLSA and NYLL.

36. Throughout Plaintiff's employment, Defendants regularly failed to pay Plaintiff her wages within seven (7) days of the end of the week in which Plaintiff earned them, in violation of NYLL § 191(1)(a)(i).[1] Defendants would provide Plaintiff with checks every two (2) weeks. Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

37. At all relevant times, the wage statements that Defendants provided to Plaintiff and Class Members were improper because they failed to accurately reflect the employees' hours worked.

38. At all relevant times, Defendants failed to provide Plaintiff and Class Members with any wage and hour notices as required under the NYLL.

39. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

40. Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class Members as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by employees.

41. Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notice to Plaintiff and Class Members as required under the NYLL.

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

42. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

### ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS

43. Plaintiff realleges and reavers Paragraphs 1 through 42 of this Class and Collective Action Complaint as if fully set forth herein.

44. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

46. At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

47. At all relevant times, Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay due to time shaving.

48. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs

should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

49. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

50. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving, plus an equal amount as liquidated damages.

53. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## COUNT II

## **VIOLATION OF THE NEW YORK LABOR LAW**

## **ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

54. Plaintiff realleges and reavers Paragraphs 1 through 53 of this Class and Collective Action Complaint as if fully set forth herein.

55. At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

56. Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay overtime wages for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay due to time shaving, in violation of the NYLL.

57. Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

58. Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the NYLL.

59. Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members as required under the NYLL.

60. Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid wages, including overtime, due to time shaving, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to NYLL.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid wages, including overtime, due to Defendants time shaving policy due under the FLSA and NYLL;

d. An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due under the FLSA and NYLL;

e. An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

f. An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

g. An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages, pursuant to the FLSA and/or NYLL;

h. An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

i. Designation of Plaintiff CYNTHIA WILLIAMS as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff CYNTHIA WILLIAMS as Representative of the Class; and

l. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   December 2, 2021                              Respectfully submitted,

                                             By:   */s/ C.K. Lee*
                                                   C.K. Lee, Esq.

                                                   LEE LITIGATION GROUP, PLLC
                                                   C.K. Lee (CL 4086)
                                                   Anne Seelig (AS 3976)
                                                   148 West 24th Street, 8th Floor
                                                   New York, NY 10011
                                                   Tel.: (212) 465-1188
                                                   Fax: (212) 465-1181
                                                   *Attorneys for Plaintiff,*
                                                   *FLSA Collective Plaintiffs*
                                                   *and the Class*